UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA G. FRANKLIN Sr.,

            Plaintiff,

  v.

JOHN ACKERMAN, et al.,

            Defendant.

CASE NO. 3:21-cv-05071-RSM-BAT

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Washington Corrections Center, filed a *pro se* § 1983 civil rights action alleging that when he was a prisoner at the Clark County Jail, Jail staff violated his rights by mistreating a cracked tooth and thereby being indifferent to his medical needs. Dkt. 4. He also alleges his Clark County Public Defenders Neil Anderson and Michelle Michaelex violated his rights by failing to file a motion allowing him to "attend the Clark County Law Library." *Id.* at 18. He further alleges Clark County Deputy District Attorney Jeannie Bryant violated his rights by denying plaintiff's request or motion to attend the law library. *Id.* at 19.

On February 4, 2021, the Court issued an order directing plaintiff to show cause, by February 17, 2021, why the claims against the public defenders and assistant prosecuting attorney should not be dismissed. Dkt. 5. On February 17, 2021 plaintiff filed a motion for extension. The Court granted the motion and ordered plaintiff to show cause no later than March

REPORT AND RECOMMENDATION - 1

8, 2021 why the above defendants should not be dismissed. The Court notified plaintiff that the failure to timely respond would result in a recommendation that the above defendants be dismissed. Plaintiff signed a response on March 9, 2021 and filed it that day. Dkt. 8. Although late, the Court has considered the response.

For the reasons below, the Court recommends the defendant public defenders and assistant prosecuting attorney be DISMISSED with prejudice from the complaint and that if this recommendation is adopted, the complaint be served on the remaining defendants.

**DISCUSSION**

The Court is required to review a prisoner's complaint to determine whether it alleges a claim for relief. Under 28 U.S.C. § 1915(e)(2)(B) the Court must dismiss a case if it finds the action is frivolous or if it fails to state a claim on which relief may be granted. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Here, plaintiff alleges in his complaint that his public defenders failed to file a motion, which is a lawyer function. However, public defenders cannot be sued in a § 1983 civil rights action for failing to perform their lawyer functions. *Polk County v. Dodson,* 454 U.S. 312, 324-25 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002). Plaintiff also alleges the assistant district attorney denied his motion to "attend" the law library. Responding to motions filed by criminal defendants is a lawyer function and prosecutors are absolutely immune from damages under § 1983 when acting within the scope of their duties in presenting the state's case.

1 *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (applying absolute immunity to bar a section
2 1983 action alleging that a prosecutor knowingly used false testimony at trial).

3       In his response to the show cause order, plaintiff contends the Clark County Jail requires
4 him to obtain permission from the Clark County Superior Court to "attend the Clark County Jail
5 Law Library." Dkt. 8 at 1. Plaintiff states he asked the Clark County Superior Court for
6 permission but received no response. After receiving no response, he asked his public defender
7 for assistance to attend the jail law library so that plaintiff could perform legal research in
8 support of a civil suit against the jail. *Id.* Plaintiff contends that since "he was requesting
9 approval from the courts to attend law library for a civil matter. Therefore the defendant Neil
10 Anderson is not entitled to absolute immunity as he was not acting on behalf of plaintiff in
11 regards to his criminal matter but on a civil matter." *Id*. at 2. Plaintiff similarly argues deputy
12 prosecutor Jeannie Bryant is not immune because although he made her aware he was
13 researching a violation of his civil rights, she rejected his request to attend the law library even
14 though his request "had no involvement in the plaintiff's criminal matter." *Id.* at 3.

15       Plaintiff's claim the Court should not dismiss Mr. Anderson and Ms. Bryant is baseless.
16 These lawyers may not be sued under § 1983 for failing to perform a lawyer's functions. But this
17 is exactly what plaintiff's complaint alleges. Plaintiff alleges Mr. Anderson failed to file motions
18 to allow his library access and that Ms. Bryant opposed plaintiff's requests or motions for such
19 access. That plaintiff's motive to attend the law library was not related to his criminal case does
20 not alter the fact that both defendants are accused of failing to perform acts traditionally
21 performed by lawyers: filing motions and opposing motions. As the Supreme Court has stated, a
22 public defender does not act under color of state law "when performing a lawyer's traditional
23 functions as counsel." *Polk County v. Dodson*, 454 U.S. at 324-25. Plaintiff's case is similar to

REPORT AND RECOMMENDATION - 3

1  the claim raised and rejected in *Atterbury v. Weiner*, 2006 WL 3201073, at * 3 (E.D. Cal., Nov.
2  6, 2006) (Report and Recommendation, adopted in *Attenbury v. Weiner*, 2006 WL 3462223
3  (Nov. 30, 2006). There, plaintiff alleged the defendant public defender ignored plaintiff's
4  complaints concerning jail conditions and that the court should "restrain" the public defender and
5  "hold him liable." *Id.* The Court rejected the claim as frivolous. The Court recommends that
6  plaintiff's claims against his public defenders similarly be dismissed with prejudice.

7        The Court should also dismiss the claim against deputy prosecuting attorney Jeannie
8  Bryant. Ms. Bryant enjoys prosecutorial immunity because she was acting pursuant to her
9  official role as advocate for the State performing functions "intimately associated with the
10 judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Ms.
11 Bryant would be subject to suit only if her alleged actions were wholly unrelated to or outside of
12 their official duties. *Bly–Magee v. California*, 236 F.3d 1014, 1016 (9th Cir.2001). Here, plaintiff
13 alleges that he sought court permission to attend the Clark County Jail law library. Ms. Bryant as
14 a Clark County Deputy Prosecuting Attorney, and legal representative of the county, was thus
15 acting within her official duties in opposing or rejecting plaintiff's request. That his request was
16 based on the desire to research a civil suit does not alter the fact that Ms. Bryant was still acting
17 within her duties as a Clark County Prosecuting Attorney. *See e.g. Fry v. Melaragno,* 939 F.2d
18 832, 837 (9th Cir.1999) ("Whether the government attorney is representing the plaintiff or the
19 defendant, or is conducting a civil trial, criminal prosecution or agency hearing, absolute
20 immunity is 'necessary to assure that . . . advocates . . . can perform their respective functions
21 without harassment or intimidation." ).

22       The Court accordingly recommends the public defenders, Neil Anderson and Michelle
23 Michaelex, and assistant prosecuting attorney, Jeannie Bryant, and the respective claims against

REPORT AND RECOMMENDATION - 4

them be dismissed with prejudice. If this recommendation is adopted, the Court further recommends the complaint be served on the remaining defendants and the case be referred back to the undersigned United States Magistrate Judge.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order.  Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, limited to 5 pages, may be filed no later than **March 24, 2021.**  The Clerk shall note the matter for **March 26, 2021**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 10th day of March 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5