1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8    JOSHUA G. FRANKLIN Sr.,

9                          Plaintiff,              CASE NO. 3:21-cv-05071-RSM-BAT

10        v.                                       **ORDER DISMISSING SOME
                                                   CLAIMS AND DIRECTING
11   JOHN ACKERMAN, et al.,                         SERVICE BY U.S. MAIL ON
                                                    REMAINING DEFENDANTS**
12                         Defendant.

13

14        Having reviewed the Report and Recommendation of the Honorable Brian A. Tsuchida,

15   United States Magistrate Judge, and the remaining record, the Court finds and ORDERS:

16        (1)     The Court ADOPTS the report and recommendation, Dkt. 9. Plaintiff's claims set

17   forth on pages 18-19 of the complaint, Dkt. 4, against defendants Jeannie Bryant, Deputy

18   Prosecuting Attorney and Public Defenders Neil Anderson and Michelle Michaelex are

19   DISMISSED with prejudice.

20        (2)     The Clerk is therefore directed to terminate those defendants from the docket.

21        (3)     The remaining claims against the remaining defendants are re-referred to

22   Magistrate Judge Tsuchida.

23        (4)     The Court further orders:

ORDER DISMISSING SOME CLAIMS AND
DIRECTING SERVICE BY U.S. MAIL ON
REMAINING DEFENDANTS - 1

a.  Service by Clerk on Plaintiff

Plaintiff is currently incarcerated at Washington Corrections Center at Monroe and is subject to Mandatory Electronic E-Filing pursuant to General Orders 02-15 and 06-16. Plaintiff must therefore file all pleadings using the E-Filing procedures set forth in the general orders. Pleadings that are not filed in conformity with the E-Filing procedures will be summarily stricken. The Clerk shall provide copies of all pleadings to Plaintiff using the E-Service procedures.

Service by Clerk on Defendants

Defendants are allegedly employees or agents of Clark County and the Clerk is directed to send the following to the defendants listed below by United States Mail: copies of plaintiff's Complaint (Dkt. 4), this Order, the notice of lawsuit and request for waiver of service of summons, and a waiver of service of summons:

| John Ackerman | HAS Naphcare |
| K. Vandenberg | D.O.N Naphcare |
| C. Hackney | R.N. Clark County Jail |
| Kerri Taft | R.N. Clark County Jail |
| K. Beltran | Commander Clark County Jail |
| Chuck Atkins | Sheriff, Clark County |
| Ric Bishop | Chief Clark County Sheriff |
| Songer | Sergeant Clark County Jail |
| A. Rice | R.N. Clark County Jail |
| M. Paulus | R.N. Clark County Jail |
| Shoemaker | Officer Clark County Jail |

The defendants are notified they **need not** respond to claims regarding the dismissed public defenders and deputy prosecuting attorney as those claims have been dismissed with prejudice by separate order.

The Clerk shall provide a courtesy copy of the above to the Clark County Prosecuting Attorney 1300 Franklyn Street, Third Floor, PO Box 5000, Vancouver, WA 98666-5000. The

ORDER DISMISSING SOME CLAIMS AND
DIRECTING SERVICE BY U.S. MAIL ON
REMAINING DEFENDANTS - 2

Court declines to direct service against any named Jane/John Does defendants at this time as those individuals have not been sufficiently identified.

### b.  Response Required

Defendant(s) shall have **thirty (30) days** within which to return the enclosed waiver of service of summons. A defendant who timely returns the signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **twenty-one (21) days** after service.

### c.  Filing and Service by Parties, Generally

All attorneys admitted to practice before this Court must file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. **Plaintiff shall file all documents electronically using the above e-filing procedures because he is in the custody of the Washington State Department of Corrections**. All filings must indicate in the upper right-hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Plaintiffs shall indicate the date the document is submitted for e-filing as the date of service.

ORDER DISMISSING SOME CLAIMS AND
DIRECTING SERVICE BY U.S. MAIL ON
REMAINING DEFENDANTS - 3

d.  <u>Motions, Generally</u>

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), the argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed.  *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion.  *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.  *Id*.

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion.

The party making the motion may electronically file and serve not later than 11:59 p.m. on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

e.  <u>Motions to Dismiss and Motions for Summary Judgment</u>

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

ORDER DISMISSING SOME CLAIMS AND
DIRECTING SERVICE BY U.S. MAIL ON
REMAINING DEFENDANTS - 4

1  Procedure should acquaint themselves with those rules. As noted above, these motions shall be
2  noted for consideration no earlier than the fourth Friday following filing and service of the
3  motion.

4      Defendants filing motions to dismiss based on a failure to exhaust or motions for
5  summary judge are advised that they MUST serve a *Rand* notice concurrently with motions to
6  dismiss based on a failure to exhaust and motions for summary judgment so that *pro se* prisoner
7  plaintiffs will have fair, timely and adequate notice of what is required of them in order to
8  oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has
9  set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

20  *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

21      Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their
22  motion stricken from the Court's calendar with leave to re-file.

23          f.  <u>Direct Communications with District Judge or Magistrate Judge</u>

1         No direct communication is to take place with the District Judge or Magistrate Judge with

2 regard to this case. All relevant information and papers are to be directed to the Clerk.

3         (5)     The Clerk is directed to send copies of this Order to the parties.

4         (6)     The Clerk is directed to send copies of this Order to the parties and to Judge

5 Tsuchida.

6         Dated this 2nd day of April, 2021.

7

8

9

10 RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER DISMISSING SOME CLAIMS AND
DIRECTING SERVICE BY U.S. MAIL ON
REMAINING DEFENDANTS - 6