UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA G. FRANKLIN SR.,<br><br>    Plaintiff,<br><br> v.<br><br>JOHN ACKERMAN, et al.,<br><br>    Defendant. | CASE NO. 3:21-cv-05071-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff proceeds *pro se* in this 42 U.S.C. § 1983 civil rights action. Currently pending before the Court is the motion for judgment on the pleadings filed by Defendants Chuck Atkins, Ric Bishop, A. Songer, and J. Shoemaker ("Clark County Defendants"). Dkt. 19. Plaintiff did not file a response to the motion.

For the reasons below, the Court recommends that the Clark County Defendants' motion for judgment on the pleadings (Dkt. 19) be GRANTED and the claims against the Clark County Defendants be DISMISSED as outlined below.[1]

//

---

[1] The only other claims remaining in this case are Plaintiff's constitutional claims of inadequate medical care and his state law claims of intentional infliction of emotional distress and negligence, alleged against non-moving Defendants K. Vandenberg, A. Rice, M. Paulus, and Kerri Taft. *See* Dkts. 10, 22. All other claims and Defendants were previously dismissed from the action. *Id.*

REPORT AND RECOMMENDATION - 1

## FACTUAL ALLEGATIONS OF COMPLAINT

Plaintiff's complaint alleges that on or about March 5, 2020, while being examined by medical staff during the booking process at Clark County Jail, Plaintiff informed correctional staff that he had a "broken tooth" and "abscess tooth." Dkt. 4, at 8. Plaintiff indicates this was noted in his medical chart. *Id.*, at 8-11. On March 16, 2020, Plaintiff sent an electronic request to medical, asking to be seen due to his broken tooth and concerns about infection. Dkt. 4, at 11; Dkt. 4-1, at 1. R.N. C. Hackney respondent by indicating Plaintiff had been added to the list for sick call. *Id.* On March 19, 2020, Plaintiff submitted another electronic request to medical asking to be seen as soon as possible due to pain, swelling and numbness and being unable to talk, eat or drink because his broken tooth was cutting into his tongue. Dkt. 4, at 11; Dkt. 4-1, at 2. Plaintiff further indicated he had been scheduled for oral surgery two days after he ended up being booked into the Jail because he had been told his tooth was severely infected. *Id.* R.N. Kerri Taft responded by stating the dentist only came once a week and saw patients in the order that kites were received but that he was scheduled with the dentist. *Id.*

Plaintiff states that on March 21, 2021, he submitted an electronic medical request, asking to see the dentist, reiterating the pain and difficulty his broken tooth was causing and his concerns regarding infection. Dkt. 4, at 11; Dkt. 4-1, at 3. R.N. A. Rice responded by informing Plaintiff he was on the list to be seen by the dentist and the sick call nurse. *Id.* Plaintiff indicates he submitted another medical request later that same day asking why he was being denied medical treatment, despite the seriousness of his broken tooth. Dkt. 4, at 11-12. On March 22, 2020, R.N. Kerri Taft responded stating that Plaintiff just had to wait his turn like everyone else and that he had been prescribed Ibuprofen and Tylenol and that he should avoid hot and cold fluids and avoid chewing on that side. Dkt. 4, at 11-12; Dkt. 4-1, at 6. On March 21, 2020,

REPORT AND RECOMMENDATION - 2

Plaintiff submitted a medical grievance in which he indicated that the dentist had been present that day and even though the dentist only came once per week he was denied dental treatment. *Id.* On March 23, 2020, Director of Nursing, K. Vandenberg, responded to the grievance stating that Plaintiff was scheduled for a dental exam, although they were currently limiting non-emergent appointments due to pandemic safety, and to let medical know if he needed further care. *Id.*

Plaintiff states that on March 28, 2020, he was called to the dentist office where the dentist (John Doe #1) determined that extraction of Plaintiff's back left molar was necessary. Dkt. 4, at 12-13. Plaintiff states that he told the dentist he had been scheduled for oral surgery weeks prior but was taken into custody before the surgery was performed. *Id.* He states that he told the dentist he required oral surgery because this was not a normal extraction due to how close the molar's root was to his nerve. *Id.* Plaintiff states that the dentist assured him he could extract it. *Id.* However, a few minutes into the procedure the dentist's equipment stopped working and it was determined they would need to order a replacement piece to complete the procedure. *Id.* Plaintiff states the dentist assured him he would have the new part sent overnight and sent Plaintiff back to his unit. *Id.* Later that day Plaintiff filed a grievance explaining that half the broken tooth was still in his mouth, that it was bleeding and draining, that half the left side of his face was in extreme pain and that his lips were still numb. Dkt. 4, at 12-13; Dkt. 4-1, at 7. Three days later, on March 31, 2020, K. Vandenberg responded to the grievance stating "we are working on remedying your dental solution ASAP. Thank you for your patience." *Id.* On March 28, 2020, Plaintiff also filed a medical request stating:

> I need to be seen by medical ASAP! I went to the dentist today and halfway pulling my tooth out, he broke the tooth and then realized he needed to cut it out but then, his tool broke, leaving half the tooth in there, making it worse because of the angle he crushed the tooth, shoving it deeper and now its not only sharp, its still bleeding, and my lips, for some reason are still completely numb and the dentist told me he would try to get his tool

REPORT AND RECOMMENDATION - 3

> fixed by the end of the day an[d] if he couldn't, he would hopefully get a new tool by Saturday. I am in EXTREME pain and this is NOT right!!! Could I please see medical asap???

Dkt. 4, at 13; Dkt. 4-1, at 4. On March 29, 2020, Kerri Taft responded stating:

> The providers have upped your tylenol dose from 625 to 100 mg twice a day and you still have your Ibuprofen 800 mg twice a day as well. Unfortunately there is nothing that the medical staff can do regarding your tooth at this point and the dentist has ordered the tools necessary to complete the extraction next week.

On March 29, 2020, Plaintiff filed another medical request stating:

> I am being told that I have to wait a week for my tooth extraction. This constitutes as cruel and unusual punishment, due to the fact that the dentist started a procedure and due to equipment malfunction. I have to suffer and be in pain, for a week, at least. And the only solution I'm being given is upping my dosage of Tylenol per day??? My whole side of my jaw is swollen, half my tooth is still in my jaw, and now apart of the broken tooth is cutting not only into my tongue, but also my gums. And on top of that, the gum will try to start healing itself over the broken tooth. This is definitely not right, and when I make complaints about it because now my whole left side of my face is on fire and feels like its burning up, I'm told accidents like the dental machine breaking down and malfunctioning, just happens. This constitutes as cruel and unusual punishment and I need to see medical please.

Dkt. 4, at 13; Dkt. 4-1, at 5. On March 29, 2020, M. Paulus responded that Plaintiff was "currently on the sick call list to be seen by the sick call nurse at a later time." *Id.*

Plaintiff states that the replacement part for the tool finally arrived on April 9, 2020, but it was the wrong part. Dkt. 4, at 13. Plaintiff states that on April 16, 2020, he was taken to the Salmon Creek oral surgery where the oral surgeon finished the tooth extraction. *Id.* Plaintiff states that since the first attempted extraction on March 28, 2020, his lower left and bottom lip and jaw has remained completely numb due to his nerve being damaged. *Id.* Plaintiff states that since April 10, 2020, he has filed six more inmate and medical requests and seven more grievances. *Id.*

As a result of his broken tooth and lack of treatment, Plaintiff indicates he was either unable or had difficulty eating, drinking, sleeping and concentrating and suffered from severe pain both inside and outside of his mouth and jaw, severe headaches, and PTSD. Dkt. 4, at 8-23.

REPORT AND RECOMMENDATION - 4

He further alleges his nerve was "damaged or cut" and that as a result he will always have difficulty eating due to lack of feeling in his lower jaw and lip and that he has suffered "emotional anguish" as a result. *Id.*, at 10.

Plaintiff also claims Defendants' failure to provide adequate medical and dental treatment constituted intentional infliction of emotional distress and negligence and/or gross negligence. Dkt. 4, at 15, 21. Plaintiff alleges that Defendants K. Vandenberg and John Ackerman were entrusted as medical supervisors to ensure Plaintiff received proper medical and dental care and were "well aware of Plaintiff's dental emergency" and were "grossly negligent" in the actions they took. Dkt. 4, at 21-22.

Plaintiff further alleges Defendants violated his right to Due Process. Dkt. 4, at 16-20. Plaintiff alleges on March 21, 2020, he submitted his first grievance which was denied by K. Vandenberg stating that staff were limiting non-emergent appointments due to the COVID-19 epidemic. *Id.* Plaintiff states he filed a medical grievance on May 15, 2020, which was denied initially and denied again on appeal by medical administrator John Ackerman, medical commander K. Beltran, and Jail administrator Ric Bishop. *Id.* Plaintiff states that per the Clark County Medical Inmate Grievance Form, inmates are supposed to receive an answer to their grievance within 10 business days from each administrative level. *Id.* However, Plaintiff indicates his medical grievance had gotten lost which delayed a response from the Jail administrator Ric Bishop for 3 months. *Id.* Plaintiff alleges generally his due process rights were violated when his grievances and requests for relief were denied. *Id.*

Plaintiff also alleges he contacted his court-appointed attorney at the time, Neil Anderson, and asked him to obtain approval from the Clark County Superior Court for Plaintiff to attend the Clark County Jail Library. Dkt. 4, at 18-20. Plaintiff alleges that per the Clark County Sheriff's

REPORT AND RECOMMENDATION - 5

Office procedure, "access to the law library is based on the priority of your type of criminal matter or legal circumstances. You can be added to the law library list if 1) your attorney requires your help to represent you or 2) your representing yourself [pro se] in a criminal or legal matter." *Id.* Plaintiff indicates he requested numerous times that his court appointed attorneys, Mr. Anderson and Michelle Michalex, file a motion with the courts regarding his dental emergency. *Id.* Plaintiff indicates his attorneys did not file such a motion. *Id.* He alleges district attorney Jeannie Bryant also denied Plaintiff's request to attend the Clark County Jail library. *Id.* He alleges the "Defendants" used a supreme court order "as a means to deny the Plaintiff his constitutional 14th Amendment right to due process[.]" *Id.* Plaintiff alleges he was denied his constitutional right to have access to legal assistance through the pro se law library while incarcerated and was thus unable to properly research his constitutional rights and to properly present his medical emergency to the courts by requesting a furlough. *Id.*

By order dated April 2, 2021, the Court dismissed Plaintiff's claims against his own court-appointed attorneys, Neil Anderson and Michelle Michalex, and the prosecuting attorney Jeannie Bryant, for their alleged actions related to his attempts to seek assistance from the state courts in obtaining dental care. Dkt. 10; Dkt. 4, at 18-19.

Defendants John Ackerman, K. Vandenberg, A. Rice, M. Paulus, Kerri Taft, and C. Hackney ("Medical Defendants") previously moved to dismiss all claims against them pursuant to Fed. R. Civ. P. 56(b) for failure to state a claim. Dkt. 17. By order dated September 21, 2021, the Hon. Ricardo S. Martinez granted the Medical Defendants' motion in part and denied it in part. Dkt. 22. The Court concluded:

> Plaintiff has failed to state a claim upon which relief may be granted with respect to his Due Process claims related to the grievance process and those claims are dismissed with prejudice against all Defendants. Plaintiff has failed to state a claim upon which relief may be granted with respect to his constitutional claims of inadequate medical care, and his state law claims of intentional infliction of emotional distress and medical negligence,

REPORT AND RECOMMENDATION - 6

alleged against Defendants John Ackerman and C. Hackney, and those claim are dismissed without prejudice. The dismissed claims are dismissed without leave to amend. Plaintiff has stated a claim with respect to his constitutional claims of inadequate medical care and his state law claims of intentional infliction of emotional distress and negligence, alleged against Defendants K. Vandenberg, A. Rice, M. Paulus, and Kerri Taft, and those claims shall proceed.

Dkt. 22.

Defendants Chuck Atkins, Ric Bishop, A. Songer, and J. Shoemaker ("Clark County Defendants") now move for judgment on the pleadings seeking to dismiss all claims against them pursuant to Fed. R. Civ. P. 56(c). Dkt. 19. Plaintiff did not file a response to the motion.

## STANDARD OF REVIEW

The Clark County Defendants move for dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 19. A motion for a judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999). Because a Rule 12(b)(6) motion to dismiss and a Rule 12(c) motion are functionally identical, the motion to dismiss standard applies to Rule 12(c) motions. *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989).

A motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

REPORT AND RECOMMENDATION - 7

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

The standard for granting leave to amend under Rule 12(c) is also the same as the standard under Rule 12(b)(6). *See Pac. W. Grp., Inc. v. Real Time Sols., Inc.*, 321 F. App'x 566, 569 (9th Cir. 2008). As such, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear ... that the complaint could not be saved by amendment." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

## DISCUSSION

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**A.     Constitutional Right to Adequate Medical Care**

The Clark County Defendants argue that Plaintiff has failed to state a claim under the Eighth Amendment related to his medical care. Dkt. 19. It appears to the Court, however, that Plaintiff was very likely a pretrial detainee at the time of the events giving rise to his complaint. Specifically, Plaintiff alleges that the events giving rise to his claims occurred shortly after he was booked into Clark County Jail and a review of his state court records appear to reflect that he was a pretrial detainee during the period in question.[2] Construing the complaint in the light most favorable to Plaintiff, Plaintiff alleges he was a pretrial detainee at the time of the events giving rise to his claims. However, whether analyzed under the Eighth or Fourteenth Amendment, the Court finds that Plaintiff has failed to state a claim with respect to the Clark County Defendants.

A pretrial detainee's right to adequate medical care arises under the due process clause of the Fourteenth Amendment. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120 (9th Cir. 2018). The elements of such a claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the

---

[2] The Court has reviewed the available state court records in Plaintiff's criminal cases which appear to reflect that Plaintiff was a pretrial detainee at the time of the events giving rise to his complaint. https://odysseyportal.courts.wa.gov/ODYPORTAL/Home/WorkspaceMode?p=0

REPORT AND RECOMMENDATION - 9

> defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Id.* (quoting *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (quoted sources omitted)). A defendant's "mere lack of due care" is insufficient to state a Fourteenth Amendment claim. *Id.* (quoting *Castro*, 833 F.3d at 1071 (quoted source omitted)). Thus, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (quoting *Castro*, 833 F.3d at 1071).

In contrast, a post-conviction prisoner's right to adequate medical care arises under the Eighth Amendment. To establish an Eighth Amendment violation related to medical care, an inmate must prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010). "Dental care is one of the most important medical needs of inmates." *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain. *Estelle*, 429 U.S. at 104 (internal citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104), *overruled on other grounds by WMX Techs. v.*

REPORT AND RECOMMENDATION - 10

*Miller*, 104 F.3d 1133 (9th Cir. 1997). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.*, at 1059-1060.

If a plaintiff shows he suffered from a serious medical need, he must then show the prison officials responded to the serious medical need with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or [ ] may be shown by the way in which prison physicians provide medical care." *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988). However, delay in providing a prisoner dental treatment does not constitute an Eighth Amendment violation unless the delay causes substantial harm. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985); *Amarir v. Hill*, 243 Fed. Appx. 353, 354 (9th Cir. 2007). A prison official may be held liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

The indifference to medical needs must be substantial; a constitutional violation is not established by negligence or "an inadvertent failure to provide adequate medical care." *Estelle*,

429 U.S. at 105-06; *Anthony v. Dowdle*, 853 F.2d 741, 743 (9th Cir. 1988). Nor does a difference of opinion between an inmate and medical authorities regarding proper medical treatment give rise to a § 1983 claim. *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981); *Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004); *see also Estelle*, 529 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). An inmate must show the course of treatment chosen "'was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health.'" *Toguchi*, 391 F.3d at 1058 (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).

The Court finds that Plaintiff fails to state a claim of constitutionally inadequate medical care, whether analyzed under the Eighth or Fourteenth Amendment, with respect to the Clark County Defendants. The Court notes that Plaintiff makes no specific allegations against the Clark County Defendants individually regarding his claims of constitutionally inadequate medical care as set forth in Count I of his complaint. Dkt. 4, at 8-14. The only slightly more specific allegation Plaintiff alleges against the Clark County Defendants is that they violated his right to due process in the context of the grievance process. Dkt. 4, at 16-20. Plaintiff alleges he filed a medical grievance on May 15, 2020, which was denied on appeal by Clark County Defendants medical commander K. Beltran, and jail administrator Ric Bishop. *Id.* Plaintiff states that per the Clark County Medical Inmate Grievance Form, inmates are supposed to receive an answer to their grievance within 10 business days from each administrative level. *Id.* However, Plaintiff indicates his medical grievance had gotten lost which delayed a response from the jail administrator Ric Bishop for 3 months. *Id.* Plaintiff alleges generally his due process rights were violated when his grievances and requests for relief were denied.

REPORT AND RECOMMENDATION - 12

In short, Plaintiff's allegations amount to the contention that two of the Clark County Defendants, K. Beltran and Ric Bishop, denied Plaintiff's appeals of his medical grievances and that there was a delay in processing one of his grievances because it was lost. He then concludes generally that his due process rights were violated when his grievances and requests for relief were denied. *Id.* But Plaintiff fails to explain the contents of the grievances or how the denial of the grievances violated his constitutional right to medical care. Plaintiff's generalized and conclusory allegations are insufficient to state a claim of constitutionally inadequate medical care under either the Eighth or Fourteenth Amendment standards against the Clark County Defendants. Plaintiff fails to allege sufficient facts to state a claim of deliberate indifference to a serious medical need on the part of the Clark County Defendants. Nor does Plaintiff allege sufficient facts to establish that the Clark County Defendants made an intentional decision with respect to the conditions under which the Plaintiff was confined, that those conditions put the Plaintiff at substantial risk of suffering serious harm, that they did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved, and by not taking such measures, they caused the Plaintiff's injuries.

In sum, Defendants' motion to dismiss (Dkt. 19) should be granted with respect to the claims of constitutionally inadequate medical care against the Clark County Defendants and those claims should be dismissed without prejudice.

**B.     Due Process – Grievance Process**

The Clark County Defendants also argue that Plaintiff has failed to state a due process claim under the Fourteenth Amendment related to the processing of his grievances. Dkt. 19.

The Court finds that Plaintiff fails to state a claim under the Fourteenth Amendment related to the processing of his grievances. As noted above, Plaintiff alleges he filed a medical grievance on May 15, 2020, which was denied on appeal by Clark County Defendants medical commander K. Beltran, and jail administrator Ric Bishop. Plaintiff states that per the Clark County Medical Inmate Grievance Form, inmates are supposed to receive an answer to their grievance within 10 business days from each administrative level. However, Plaintiff indicates his medical grievance had gotten lost which delayed a response from the jail administrator Ric Bishop for 3 months. Plaintiff alleges generally that his due process rights were violated when his grievances and requests for relief were denied.

"The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law." *Bledsoe v. Martinez*, 2020 WL 4671616, at *2 (E.D. Cal., Aug. 12, 2020) (*citing Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). But plaintiff has no stand-alone due process right related to the administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The denial, rejection, cancellation, delay in processing, or ignoring of a grievance does not, in itself, constitute a due process violation. *See, e.g., Evans v. Skolnik*, 637 Fed. Appx. 285, 288 (9th Cir. 2015), *cert. dism'd*, 136 S. Ct. 2390 (2016) ("An allegation that a prison official inappropriately denied or failed to adequately respond to a grievance, without more, does not state a claim under § 1983."); *Wright v. Shannon*, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); *Towner v. Knowles*, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); *Williams v. Cate*,

2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."); *Daniels v. Aguillera*, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances.").

Plaintiff's allegations related to the delay in processing or denial of his grievances fail to state a cognizable due process claim and, due to the nature of these claims, the Court cannot conceive of any additional facts that could be alleged to state a viable due process claim based on the grievance process. Accordingly, the Clark County Defendants' motion to dismiss (Dkt. 19) Plaintiff's due process claim related to the grievance process should be granted and Plaintiff's claims dismissed with prejudice.

**C.     Access to Courts**

The Clark County Defendants argue that Plaintiff has failed to state a claim based upon his allegation that he was denied meaningful access to the courts. Dkt. 19.

Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). In *Bounds,* the Supreme Court held the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.*, at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation.

To establish he suffered an actual injury, plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to

REPORT AND RECOMMENDATION - 15

present a claim." *Id*. at 348; *Christopher v. Harbury*, 536 U.S. 403, 415, (2002); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011). The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 cases. *See Lewis*, 518 U.S. at 353 n. 3, 354-55. "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (*quoting Lewis*, 518 U.S. at 353 & n. 4).

Here, Plaintiff alleges his attorneys as well as a prosecuting attorney (who were all previously dismissed as Defendants in this action) prevented him from accessing the law library by failing to file motions on his behalf or "denying" his requests for access to the law library. Dkt. 4. But Plaintiff fails to allege any facts to indicate that any of the Clark County Defendants denied him access to the law library or otherwise impeded his access to legal materials. As such, Plaintiff fails to state a claim that he was denied meaningful access to the courts by any of the Clark County Defendants. Accordingly, the Clark County Defendants' motion to dismiss (Dkt. 19) should be granted with respect to Plaintiff's access to courts claims and those claims should be dismissed without prejudice.

**D.   State Law Claims**

The Clark County Defendants also argue that the Court should decline to exercise pendant jurisdiction over Plaintiff's state law claims. Dkt. 19.

A district court has discretion over whether to exercise supplemental jurisdiction over state law claims arising from the same set of operative facts that supports a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)). Ordinarily, when a district court dismisses "all claims independently qualifying for the exercise of federal jurisdiction," it will dismiss all related state claims, as well. *Artis v. District of*

*Columbia*, 138 S.Ct. 594, 597 (2018) (citing 28 U.S.C. § 1367(c)); *see also Carlsbad Tech.*, 556 U.S. at 639-40. Although the court is not required to dismiss the supplemental state law claims, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, fairness, convenience, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

In this case, the Court recommends granting the Clark County Defendants' motion for judgment on the pleadings and dismissing all of Plaintiff's federal claims against the Clark County Defendants. *See* Sections A, B, C, *supra*. Under the circumstances, the Court concludes that the balance of factors point toward declining to exercise supplemental jurisdiction over Plaintiff's state law claims raised against the Clark County Defendants. Accordingly, the Court recommends declining supplemental jurisdiction over Plaintiff's state law claims against the Clark County Defendants and dismissing those claims without prejudice. *See, e.g., Ismail v. County of Orange*, 917 F.Supp.2d 1060 (C.D. Cal., Oct. 18, 2012) (declining to exercise supplemental jurisdiction over state law claims against county defendant because all federal claims against that defendant had been dismissed); *Zazzali for DBSI Private Actions Trust v. Alexander Partners, LLC*, 2015 WL 13640265 (D. Idaho, 2015) (declining to exercise supplemental jurisdiction over state law claims against several defendants because all federal claims against the specific defendants had been dismissed).

**E.     Amendment**

Because Plaintiff did not file a response to the Clark County Defendants' motion for judgment on the pleadings or allege any additional facts to indicate that any of his deficient claims could be cured by amendment, it appears to the Court that Plaintiff is not capable of

amending his deficient claims. Therefore, the deficient claims, discussed above, should be dismissed without leave to amend. *See, Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). If Plaintiff believes he can state additional facts to cure his deficient claims through amendment, he should indicate this and present these facts in his objections to the Report and Recommendation.

## CONCLUSION

Based on the foregoing, the Court recommends that the Clark County Defendants' motion for judgment on the pleadings (Dkt. 19) be GRANTED. The Court finds that Plaintiff has failed to state a claim upon which relief may be granted with respect to his Due Process claims related to the grievance process and recommends that those claims be dismissed with prejudice with respect to all Clark County Defendants. The Court finds that Plaintiff has failed to state a claim upon which relief may be granted with respect to his constitutional claims of inadequate medical care and denial of access to courts and recommends that those claims be dismissed without prejudice with respect to all Clark County Defendants. The Court further recommends declining supplemental jurisdiction over Plaintiff's state law claims and dismissing those claims without prejudice with respect to all Clark County Defendants. The dismissed claims should be dismissed without leave to amend. The Court further recommends that, in the event the Report and Recommendation is adopted, the action should be referred back to the undersigned for further proceedings on the remaining claims against the remaining Medical Defendants K. Vandenberg, A. Rice, M. Paulus, and Kerri Taft.

//

//

//

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **November 17, 2021.** The Clerk should note the matter for **November 19, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed **8 pages**. The failure to timely object may affect the right to appeal.

DATED this 27th day of October, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 19