UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA G. FRANKLIN SR.,

        Plaintiff,

  v.

JOHN ACKERMAN, et al.,

        Defendant.

CASE NO. 3:21-cv-05071-RSM-BAT

**ORDER DIRECTING EACH PARTY TO SUBMIT A PROPOSED PRETRIAL AND TRIAL DATES**

The Honorable Ricardo S. Martinez has issued several orders dismissing the majority of the defendants and some of the claims in this action. On September 21, 2021, Judge Martinez issued an order that dismissed (1) Plaintiff's Due Process claims related to the grievance process; (2) and Plaintiff's constitutional claims regarding inadequate medical care and his state law claims regarding intentional infliction of emotional distress and medical negligence made against John Ackerman and C. Hackney. Dkt. 22. The Court found the constitutional claims of inadequate medical care and state law claims of intentional infliction of emotional distress and negligence against K. Vandenberg, A. Rice, M. Paulus, and Kerri Taft should proceed. *Id.*

On November 19,.2021, Judge Martinez dismissed with prejudice all claims against Defendants Chuck Atkins, Ric Bishop, A. Songer and J. Shoemaker. Dkt. 32. The same day, Judge Martinez also granted Defendants' motion to extend the time for discovery to March 4,

ORDER DIRECTING EACH PARTY TO
SUBMIT A PROPOSED PRETRIAL AND
TRIAL DATES - 1

2022. *See* Dkts. 28, 32.

In order to ensure the case proceeds in a manner that is clear and understandable to the parties, the Court ORDERS:

1. **Each party shall file a separate memorandum** with a proposed date or dates for trial and indicate the estimated length of trial. Each party must file its memorandum no later than **December 10, 2021**.

2. Each party's separate memorandum shall advise the Court if there are any other matters to address, such as whether the dispositive motions deadline which has lapsed should be reset, and whether the parties seek to explore settlement and will request appointment of a *pro bono* settlement lawyer.

3. A response to this order is important. On October 4, 2021, the Court ordered each party to file by, October 18, 2021, a memorandum proposing a trial date, the estimated length of trial and whether there were other matters to address. Dkt. 23. Defendants filed a memorandum; Plaintiff did not. The Court notes Plaintiff has also not responded to Defendants' motions to dismiss; the Report and Recommendation that the motions be granted in part, Dkt. 21, Defendants' motion to extend discovery, Dkt. 28, or the Court's most recent Report and Recommendation. Dkt. 30. In short, Plaintiff has not responded to any pleading or Court order since June 4, 2021.

In determining whether dismissal is appropriate for a failure to respond or comply with the Court's order, the Court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

These factors "are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

In this case, the Court will not jump to the conclusion Plaintiff's lack of engagement over the last five and a half months is grounds for immediate dismissal. Rather, the Court directs Plaintiff to respond to clarify whether Plaintiff intends to proceed with this action. If Plaintiff fails to respond, the Court will conclude this case should be dismissed due to Plaintiff's failure to prosecute and respond to Court orders.

DATED this 22nd day of November, 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DIRECTING EACH PARTY TO
SUBMIT A PROPOSED PRETRIAL AND
TRIAL DATES - 3