UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA G. FRANKLIN SR., <br><br>  Plaintiff, <br><br> v. <br><br> JOHN ACKERMAN, et al., <br><br>  Defendants. | CASE NO. 3:21-cv-05071-RSM-BAT <br><br> **REPORT AND RECOMMENDATION** |

      Plaintiff initiated a *pro se* 42 U.S.C. § 1983 civil rights action in January 2021. Dkt. 1. Since March 9, 2021, Plaintiff has filed nothing furthering the prosecution of his case, has failed to respond to Defendant's motions and the Court's orders, and has also failed to update his address after his release from prison sometime around August 17, 2021. Dkt. 20. On November 22, 2021, the Court ordered each party to submit proposed pretrial and trial dates by December 10, 2021. Dkt. 33. The Court advised Plaintiff that because the court docket shows he has not responded to any motions or orders, the failure to respond to this order may result in dismissal of the case. Defendant filed a memorandum regarding pretrial and trial dates. Dkt. 34. However, as of this date, Plaintiff has not responded or filed anything with the Court. The Court accordingly recommends the case be dismissed without prejudice.

REPORT AND RECOMMENDATION - 1

The Court may dismiss a case when a plaintiff fails to prosecute his action. *See* Fed.R. Civ.P. 41(b) ("[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). The court also has the inherent authority to dismiss a case for lack of prosecution. *See Link v. Wabash R. Co.*, 370 U.S. 626 (1962) ("This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant."). In addition, LCR 41(b)(2) requires a party proceeding pro se "shall keep the court and opposing parties advised as to his or her current mailing address" and if plaintiff fails to do so, "the court may dismiss the action" for failure to prosecute.

In considering whether a dismissal sanction is appropriate for a failure to prosecute or comply with a district court's order, the Court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). These factors "are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, the *Wanderer* factors are met. The public has an interest in expeditious resolution in a matter that allegedly occurred in 2020, and Plaintiff's failure to respond to the Court's order regarding setting pretrial deadlines and a trial date unnecessarily delays resolution of the case. The Court cannot resolve the case in an expeditious or orderly manner if Plaintiff remains absent from the proceedings. The record reflects Plaintiff has failed to respond to the Court's order despite being advised the failure to respond may result in dismissal of the case. In addition,

1  Plaintiff did not update his current whereabouts following release from prison. The Court learned
2  Plaintiff was no longer in prison in August 2021 when correspondence the Court sent to him was
3  returned. The prison provided the Court with the address they believed Plaintiff was released to
4  and none of the Court's correspondence sent to that address has been returned.

5        Defendants are prejudiced by Plaintiff's failure to participate. They lack the ability to plan
6  for pretrial and trial dates and Plaintiff's continued non-participation will bar any discovery
7  sought by Defendants.

8        Although the Court could impose less severe sanctions such as a fine, Plaintiff's failure to
9  participate in in this case for the last eight months and failure to respond to the Court's November
10 order indicate a lesser sanction will simply cause further delay, additional cost, and further
11 prejudice to Defendants.

12       The final factor, which states the preference for resolution of matters on their merits, is
13 the only factor militating for sanctions other than dismissal. However, given the nature of this
14 case and the length of time that has lapsed without word from or contact with Plaintiff, the Court
15 finds dismissal is appropriate under either Rule 37 or 41. *See e.g., Anderson v. Air West, Inc.*,
16 542 F.2d 522, 524 (9th Cir. 1976) (the "failure to prosecute diligently is sufficient by itself to
17 justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the
18 failure." ). Because Plaintiff proceeds *pro se*, the Court recommends the case be dismissed
19 without prejudice, rather than with prejudice.

20                                 **CONCLUSION**

21       For the foregoing reasons, the Court recommends this case be **DISMISSED WITHOUT**
22 **PREJUDICE.** Any objections to this Recommendation must be filed and served upon all parties
23 no later than **December 27th, 2021.** The Clerk should note the matter for **December 30, 2021,**

REPORT AND RECOMMENDATION - 3

as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed twelve (12) pages. The failure to timely object may affect the right to appeal.

DATED this 13th day of December, 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4